AO 241 (Rev. 5/85)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | First District |
|---|---|---|
| Name Pernell A. saunders | Prisoner No. w-49218 | Case No. 90-395,396,397,398 |

Place of Confinement
Souza Baranowski Correctional Center
P.O.Box 8000
Shirley,Mass. 01464

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Pernell A. Saunders  V. | Commonwealth of Massachusettes  Edward Ficco Superintendant S.B.C.C  P.O Box 8000,Shirley,Mass.01464 |

The Attorney General of the State of: Massachusettes  Thomas Rielly

RECEIVED

PETITION  04 10110 REK

1. Name and location of court which entered the judgment of conviction under attack  Middlesex Supirior
   Court house 40 Thorndike st. Cambridge,Mass.02141

2. Date of judgment of conviction   October 16 1990

3. Length of sentence   Two 30-40 and Two 2nd degree Life sentences

4. Nature of offense involved (all counts)   Unarmed Robbery

5. What was your plea? (Check one)
   (a) Not guilty       ☒
   (b) Guilty           ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

241 (Rev. 5/85)

If you did appeal, answer the following:

(a) Name of court __Massachussets Appeals Court__

(b) Result __Conviction Affirmed__

(c) Date of result and citation, if known __Nov.25 2002    779 N.E.2nd 165 56.Mass.App.Ct 1111__

(d) Grounds raised __1 Ineffective assistance of council for failure to move for suppression of suggestive photo array/to move for severence of indictments__

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court __Massachussetts Supreme Judicial Court__

(2) Result __Application to review Denied__

(3) Date of result and citation, if known __January 22,2003__

(4) Grounds raised __Appeals court did not rule in accordance with Mass. case law on the issue of ineffective assistance of council for failure to surppress and failure to fight joinder at trial. No minority jurors as requested.__

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒    No ☐

If your answer to 10 was "yes," give the following information:

(a) (1) Name of court __Mass. Sentencing Appeals Court__

(2) Nature of proceeding __Motion for reduction of sentence__

(3) Grounds raised __Sentences excessive concidering unarmed robbery and circumstances of case.__

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court __Middlesex Superior Court__

(2) Nature of proceeding __Motion for revise or revoke of sentence__

(3) Grounds raised __Reduction of sentencing because sentence is excessive considering circumstances of crime and trial__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒    No ☐

(5) Result __Denied__

(6) Date of result __September, 27 1996__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.       Yes ☒    No ☐
(2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Ineffective Assistance of council for failure to move for surppression of extremely suggestive photo array.

Supporting FACTS (state *briefly* without citing cases or law) The assailant was said to be either a light skin black male or light skin hispanic male Photo of defendant was placed in an array with ten other photos, all ten were of very dark skinned black males and the defendant is a very light skinned black male and the photo of the defendant is white washed and stands out glaringly from all ten of the other photos. Prior to this suggestive photo array other men had been chosen. Attorney never moved for suppression.

B. Ground two: Ineffective assistance of council for failure to fight joinder at trial/move for severance of indictments.

Supporting FACTS (state *briefly* without citing cases or law) There were four seperate crimes commited on four different days and different victims and different descriptions of the assailant. There was obvious prejudice from trying all four cases together. Yet trial attorney never moved for severance of indictments nor fought joinder at trial.

(5)

C.  Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐          No ☒

Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a)   At preliminary hearing   Stanley Norkunas Esq. 11 Kearney Sq
                                Lowell, Mass. 01852

(b)   At arraignment and plea   Stanley Norkuas

(6)

(c) At trial     Stanley Norkunas

(d) At sentencing     Stanley Norkunas

(e) On appeal     Stephen Neyman P.C. 160 State St. Boston, Mass. 02109

(f) In any post-conviction proceeding     Stephen Neyman

(g) On appeal from any adverse ruling in a post-conviction proceeding     Stephen Neyman

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒     No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐     No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐     No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-29-03
(date)

_Pernell Sanders_
Signature of Petitioner

MEMORANDUM of LAW

1   THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNCIL WHERE HIS TRIAL ATTORNEY FAILED TO MOVE TO SUPPRESS AN EXTREMELY SUGGESTIVE PHOT_OGRAPHIC ARRAY.

2   THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNCIL WHERE COUNCIL FAILED TO FILE FOR SEVERENCE OF FOUR COMPLETELY DIFFERENT ROBBIRIES OCCURING ON FOUR COMPLETELY DIFFERENT DAYS, TIMES AND VICTIMS AND VARIOUS DIFFERENT DE-SCRIPTIONS GIVEN BY WITNESSES OF ASSAILANT.

THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNCIL WHERE HIS TRIAL COUNCIL FAILED TO MOVE TO SUPPRESS AN EXTREMELY SUGGESTIVE PHOTO ARRAY.

The right to council is guarenteed by the Sixth Amendment to the United States Constitution and is applicable to the state by way of the Fourteenth Amendment, Burgett V. Texas, 389 U.S. 109 (1967) This right has been interpreted by the courts to entitle criminal defendants to receive assistance which is reasonably competent in light of both prevailing professional norms and circumstances of the particular case. U.S. V. Frappier, 615 F.Supp. 51 (1985).

Article 12 of the Massachusetts Decliration of rights and Commonwealth V. Saferian, 366 Mass. 89, 96 (1974) recognizes, supports and guarentees this right.

The court established the legal principles that govern claims of ineffective assistance of council in Strickland V. Washington, 466 U.S. 668, 104 S.CT. 2052, 80 L. ed 2nd 674 (1984). An ineffective assistance claim has two componets: (1) A petition must show that councils performance was deficient, (2) That the Deficiency prejudiced the defence, Id., at 687, 104 S. CT. 2052

To establish deficient performance a pertition must demonstrate that councils representation fell below an abjective standard of reasonableness.

(1)

The court has declined to articulate specific guidelines for appropriarte attorney conduct and instead has emphasized that the proper measure of attorney performance remaian simply reasonableness under prevailing professional norms.

The acts and ommisions of defence counsel deprived the petitioner/defendant of effective assistance of counsel.

To establish such a claim, the defendant must show, that his attorney exhibited" serious incompetentcy, inefficiency or inattention of counsel...behavior of counsel falling measurebly below that which might be expeccted from an ordinary fallible lawyer-...that has likely deprived the defendant of an otherwise viable, substantial ground of defence." Commonwealth V. Saferian, 366 Mass. 89, 96. (1974)

At no time did the defendants counsel move to suppress the identification made through the photographic array...a photo array that was so impermissively suggestive that the defendants photo stood out"glaringly" amoungst all other photos in the array.

An array in which the defendant was the only light complexioned man in the tha array of ten other men that were all very dark skinned men when the assailant was said to be "either a light skin black male or a light skin hispanic male"

An array in which the defendant was the only light complexioned man and all others were of a very dark complexion men when investigaters where seeking a light complexioned male to charge.

Even though counsel made fleeting reference about the process during his cross examination of the detective and during his summation counsel argued that the photograph of the defendant was "slightly washed"and that the defendants photo stands out in the photo array or if he(the defendant) appears to be coucasion.

Yet the trial counsel never moved for suppression of this impermissively suggestive photo array.

(2)

Photographic identification procedures are constitutionally invalid if the prcedure were so impermissibly suggestive or to give rise to a very substantial likelyhood of irepareble misidentification. Simmons V. United States, 390 U.S. 377, 384, (1968. Comm. V. Thornly I, 400 Mass.355 (1987)

In the case at bar where the victims and witnesses say the perpetrator was a light skin black male or light skin hispanic and their were diffrent robbiries, and prior to viewing the array in which an over exposed photo was in the array witnesses picked other people as the perpetrator but was told that those picked other than the defendant could not have done it, there existed an obvious chance of mistaken identification and trial attorney has a duty to challenge the procedure and move to protect his client from this.

The vagaries of eyewitness identifications are very well known; the annals of crimenal law are ripe with instances of mistaken identifications.

A major factor contributing to the high incidences of miscariage of justice from mistaken identification has been the degree of suggestion inherent in the manner in which the police presents the suspect or a photo of the suspect to the witnesses for pretrial identification.

"The influence of improper suggestion upon identification by witnesses probably accounts for miscarriage of justice more than any other single factor... Wall, Eye-witness Identification In crimenal cases, 26.

The petitioners photo was chosen only after they had already picked out other men as the perpetrator and then at a later time the same police officer showed the witnesses/victims the photo array of 10 very dark skin black males with one very light skin, very bright, over exposed photo of petitioner whom is quite light skinned.

(3)

At no time did trial counsel move to suppress the identification made through the photo array, even in light of the above facts.

Also the petitioner/defendants only defence at trial was trial counsels cross examination of the victims and the witnesses...petitioner did not testify, nor call witnesses on his behalf.

With this in mind, it was omperitive that trial counsel move for suppression of photo array, to challenge it.

Trial counsels performance, his ommissions were indeed deficient, unreasonable and did prejudice the defendant/petitioner.

THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE FOR SEVERENCE OF INDICTMENTS FOR FOUR DIFFRENT ROBBIRIES OCCURING ON FOUR DIFFRENT DAYS,TIMES AND VICTIMS WITH VARIOUS DESCRIPTIONS OF ASSAILANT.

The defendant/petitioner relies upon the 6th and 14th Amendments to the United States Constitution, Article 12 of the Massachussetts Decliration of Rights,Strickland V. Safarian,366 Mass. 89,96.(1974)

An ineffective assistance claim has two componets: A petitioner must show that counsel performance was deficient and that the deficiency prejudiced the defence. Strickland V. Washington,Supra.

"To establish an ineffective assistance claim the defendant must show that the behavior of council fell measurebly below that which might be expected from an ordinary fallible lawyer...and that it has likely deprived the defendant of an otherwise viable,substantial ground of defence." Commonwealth V. Saferian, Supra

In the present care of the petitioner the failure to fight joinder was manifestly unreasonable in light of the facts that it was diffrent robbiries that occured at diffrent places and at diffsent times and the various descriptions of the assailant.

A defendant is entitled to his attorney putting the states case to the test and fight it at all stages.

Regardless of stradegy,the failure to move to have the indictments severed underscores the first prong/componet of the (Strickland test and the Saferian test.)

An attoneys tactical decision amounts to ineffective assistance of counsel if,when made it was/inmanifestly unreasonable.

(5)

The diffrence between the robbiries for which the petitioner was charged are sustantial and strong in that the descriptions were diffrent from each crime and witness and the simularities were not as compelling in that the M.O. and places of the robbiries are not distinct.

The prejudice suffered by the defendant in being tried jointly for diffrent crimes can not be overstated and it is clear that a normal attorney would make every effort to limet the prejudice his cliet may fare by filing proper motions before trial and at times during trial to assist his client to obtain a fair trial.

Improper joinder does not, in itself violate the constitution. Rather, misjoinder...rises to the leval of a constitutional violation only if it results in prejudice so great as to deny a defendant his right to a fair trial. U.S. V. Lane, 474 U.S.. 438, 446 n. 8 (1986)

Petitioners trial attorney spoke in parring about joinder but his failure to move for severance of indictments limeted the petitioner an opportunity to receive a fair trial.

Joinder of the charged crimes had no measureble or clear tacticle value for the defence and not to move for severance of indictments was an act that fell measurably below that which might be expected from an ordinary fallible lawyer and the petitioner/defendant was thereby prejudiced.

(6)

CONCLUSION

In the context of the petitioners case, trial counsels ommission deprived the petitioner of his right to due process, petitioner was denied effective assistance of counsel.

Counsels failure to move for suppression of a very suggestive photographic array and not pursuing its presentation to the witnesses is a serious error that was very prejudicial to the petitioner, especially in light of the fact that it was what is known as an "identification case" and the petitioners case relied relied upon trial attorneys cross examination of the victims and witnesses.

Combine this with counsels failure to pursue severence of the indictments, a result if granted would only benifit the defendant and ensure that the jury would be concidering the robbiries on a case by case bases, you clearly have incompetency and inefficiency of counsel.

With the circumstances of the petitioners/defendants case, counsel must fight joinder and he must move for suppression of the overly suggestive photo array in this case in which identification is the issue, identification is the evidence... Not to do so is a deficiency on the part of counsel and prejudicial to the defendant.

Defendant/petitioners trial counsel "demonstrated serious incompetentcy, inefficiency and his behavior fell measurebly below that which might be expected from an ordinary fallible lawyer.

(7)