UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
PERNELL A. SAUNDERS,            )
                               )
        Petitioner,            )
                               )
v.                             )        Civil Action No. 04-10110-PBS
                               )        SCANNED
EDWARD FICCO,                  )
                               )        DATE. 2/25/04
        Respondent.            )
                               )        BY: AC

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

The respondent, Edward Ficco, respectfully submits this memorandum in support of his

motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Pernell A.

Saunders. The application for a writ of habeas corpus must be dismissed because, as detailed

more fully below, it is time-barred under 28 U.S.C. §224(d), the statute of limitations for federal

habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act

("AEDPA"). Because the petitioner's conviction became final in 1990, more than five and one-

half (5 ½) years before the passage of AEDPA, the petitioner was required to file his petition

within a one-year grace period that expired on April 24, 1997.[1] However, the petition was not

filed in this Court until January 11, 1994, more than six and one-half (6½) years after the grace

period expired. Accordingly, the petition must be dismissed as time-barred.

---

[1] As is set forth in greater detail in the "Argument" section below, the petitioner's 1996 filing of a motion to revise and revoke his sentence pursuant to Mass. R. Crim. P. 29 does not toll the running of the statute of limitations in this matter.

## Prior Proceedings

On October 16, 1990, a Middlesex County jury found the petitioner guilty of four counts

of unarmed robbery. *See* Docket Sheets for Middlesex County Superior Court Criminal Action

Nos. 1990-395, 396, 397, and 398 (hereinafter, "Docket Sheets"), attached hereto as Exhibit A.

The petitioner filed an appeal of his sentence with the Appellate Division of the Superior Court,

but did not file an appeal of his underlying conviction. *See id.*

On September 17, 1996, the petitioner made a new motion to revise and revoke his

sentence.[2] *See* Docket Sheets, Exhibit A hereto. This motion was denied by the court on

September 27, 1996. *See id.* On May 29, 1997, the petitioner moved for reconsideration of the

denial of the motion to revise and revoke his sentence. *See id.* The motion for reconsideration

was denied on May 30, 1997.[3] *See id.*

## Argument

### A.    The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of

limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of

---

[2] The motion to revise and revoke the petitioner's sentence was not a motion for a new trial, nor was it a motion to withdraw his guilty plea. *See* Docket Sheets, Exhibit A.

[3] After the denial of the motion for reconsideration, the defendant made a motion for a new trial and filed an appeal from the denial of this motion. *See* Docket Sheets, Exhibit A hereto. By this time, however, the petitioner's claim for a writ of habeas corpus had already been time-barred (as is set forth in greater detail in the "Argument" section, *infra*). Accordingly, the remainder of the procedural history is not detailed in this memorandum. Should this Court decline to dismiss this case on statute of limitations grounds, the remaining procedural history will be provided in a subsequent memorandum addressing the respondent's remaining defenses to the petition.

1996 ("AEDPA"), 28 U.S.C. §2244(d), which became effective April 24, 1996. That provision,

which is applicable to federal habeas corpus petitions filed by state prisoners, provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

In cases where a petitioner's conviction became final before the effective date of AEDPA

(April 24, 1996), the First Circuit has construed § 2244(d) to allow petitioners a one-year "grace

period" in which to file a habeas corpus petition. *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999);

*Currie v. Matesanz*, 281 F.3d 261, 264 (1st Cir. 2002). The one-year grace period began on

April 24, 1996, the effective date of AEDPA, and ended on April 24, 1997. *Rogers v. United*

*States*, 180 F.3d 349, 355 (1st Cir. 1999), *cert. denied,* 528 U.S. 1126 (2000). *See also Duncan*

*v. Walker*, 533 U.S. 167, 183-84 (2001)(Stevens, J., concurring)(noting that "Courts of Appeals

have uniformly created a 1-year grace period, running from the date of AEDPA's enactment ...").

3

The one-year grace period applies to the petitioner in this case because his conviction became final long before April 24, 1996, the effective date of AEDPA. The petitioner was convicted in the Superior Court on October 16, 1990. *See* Docket Sheets, Exhibit A. Since the petitioner did not take a direct appeal from this conviction, his conviction became final at the expiration of the thirty-day period in which he could have taken an appeal, i.e., on November 15, 1990. *See* 28 U.S.C. § 2244(d)(1)(A). He therefore had until the end of the one year "grace period" -- i.e., until April 24, 1997 -- to file his federal habeas petition. *Gaskins*, 183 F.3d at 9; *Currie*, 281 F.3d at 264.

The federal habeas petition in this case was not filed until January 11, 2004, more than six and one-half years after the one-year grace period elapsed on April 24, 1997. The petition is therefore time-barred under the statute of limitations for habeas petitions and must be dismissed. *See* 28 U.S.C. § 2244(d)(1)(A); *Gaskins*, 183 F.3d at 9; *Currie*, 281 F.3d at 264.

**B.    The Petitioner's 1996 Motion to Revise and Revoke His Sentence Under Mass. R. Crim. P. 29 Does Not Toll the Running of the Statute of Limitations**

The petitioner may argue that the statute of limitations in the instant case was tolled because he filed a motion to revise and revoke his sentence, pursuant to Mass. R. Crim. P. 29, in 1996.[4] *See* Docket Sheets, Exhibit A. However, the filing of a Rule 29 motion does not serve to toll the statute of limitations since it is not "post-conviction or collateral review" within the meaning of AEDPA. *See Bland v. Hall,* 2002 WL 989532 *2 (D. Mass., May 14, 2002)(where motion "does not amount to a collateral attack" on a conviction, it is not a tolling event under 28 U.S.C. § 2244(d)(2))(internal quotations omitted), *aff'd* 2003 WL 182561 (1st Cir., April 8,

---

[4] This motion was denied on September 27, 1996. *See* Docket Sheets, Exhibit A.

4

2003). *See also Bridges v. Johnson,* 284 F.3d 1201 (11th Cir. 2002)(sentence review application did not stop AEDPA's clock because it was not a mechanism for reviewing the merits of a conviction); *Walkowiak v. Haines,* 272 F.3d 234, 238 (4th Cir. 2001)(to trigger Section 2244(d)(2), a petitioner must have invoked a procedure that "challenges the legality of the earlier proceeding or judgment").

AEDPA provides that "[t]he time during which an properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In order to constitute such "post-conviction or other collateral review," the application in question must challenge the underlying conviction and not merely be a plea for leniency in sentencing. *See Walkowiak,* 272 F.3d at 238. Courts which have examined this issue have found that simply asking for a reduction of the sentence imposed, without challenging the legality of the underlying conviction, is not sufficient to constitute "post conviction or other collateral review" for tolling the statute of limitations.[5] *See Bridges,* 284 F.3d at 1202-02; *Walkowiak,* 272 F.3d at 236-38. For example, in *Bridges v. Johnson,* 284 F.3d 1201 (11th Cir.

---

[5] In dicta in the case of *Voravongsa v. Wall,* 349 F.3d 1 (1st Cir. 2003), the First Circuit stated that the petitioner's post-conviction motion for appointment of counsel did not serve to toll the statute of limitations because it did not "collaterally attack his state conviction or sentence." 349 F.3d at 6. However, the *Voravongsa* case arose in the context of a review of the Rhode Island Post Conviction Remedy Act, § 10-9.1-1 *et seq.,* which is the exclusive remedy under Rhode Island law for challenging the validity of the conviction or sentence. *Voravongsa,* 349 F.3d at 4-5. The dicta in the *Voravongsa* decision makes no mention of, and has no bearing on, a challenge raised under Massachusetts law, where Massachusetts law provides separate vehicles for challenging a conviction (Rule 30) and for seeking leniency in sentencing (Rule 29). *See* Mass. R. Crim. P. 29, 30. As is set forth in detail above, only Rule 30 (not Rule 29) provides a vehicle for challenging the conviction which satisfies the requirements for tolling the statute of limitations.

5

2002), the Eleventh Circuit found that since motions under the Georgia statute permitting review of sentences did not promote the twin aims of exhaustion and finality articulated by the Supreme Court in *Duncan v. Walker*, 522 U.S. 167, 179 (2001), such motions did not toll the statute of limitations for habeas claims pursuant to Section 2244(d)(2). *See Bridges*, 284 F.3d at 1202-04; *see also Duncan v. Walker,* 522 U.S. 167, 179 (2001). Likewise, in *Walkowiak v. Haines,* 272 F.3d 234, 238 (4th Cir. 2001), the Fourth Circuit found that a motion under the West Virginia Rule of Criminal Procedure for "correction or reduction of sentence" did not toll the statute of limitations because it was "neither, properly understood, a proceeding separate and distinct from the proceeding in which the original judgment was rendered, nor even a proceeding in which the legality of the original judgment is attacked. *Walkowiak*, 272 F.3d at 237.

Under Massachusetts law, the only vehicle for such "post-conviction or other collateral review" is a motion or appeal pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure,[6] which provides post-conviction relief for persons who are "imprisoned or restrained" in violation of state or federal law. *See* Mass. R. Crim. P. 30; *Stewart, petitioner*, 411 Mass. 566, 568 (1982)(Rule 30 "encompasses all motions for postconviction relief that challenge 'the sentence, conviction, or confinement imposed'")(internal citations omitted)*; In re McCastle,* 401 Mass. 105, 106 (1987)(holding that Rule 30 of the Massachusetts Rules of Criminal Procedure is "the exclusive vehicle for postconviction relief")( *quoting Leaster v. Commonwealth*, 385 Mass. 547, 549 (1982)). *See also, generally,* Kent B. Smith, *Massachusetts Practice*, Vol. 30A, §§ 2021-61 (West 1983 & Supp. 2000). By contrast, a motion pursuant to Rule 29 does not

---

[6] Rule 30 of the Massachusetts Rules of Criminal Procedure is entitled "Post Conviction Relief." Mass. R. Crim. P. 30.

6

challenge the legality of the underlying criminal conviction or sentence. *See* Kent B. Smith,

*Massachusetts Practice*, Vol. 30A, § 2021, *quoting* Reporter's Notes to Mass. R. Crim. P. 29.

Instead, Rule 29 provides a mechanism where by the trial judge may reconsider a concededly

lawful sentence to remedy some perceived unfairness. *Id. See also* Mass. R. Crim. P. 29, 378

Mass. 899 (1979). Since the petitioner in the instant case had only a motion under Rule 29, and

not under Rule 30, pending after 1997, his petition was time-barred as of April 24, 1997, and

should now be dismissed. *See Bridges,* 284 F.3d at 1204.

## Conclusion

For the foregoing reasons, the respondent respectfully requests that this Court dismiss the

instant petition for a writ of habeas corpus as time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: February 24, 2004

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Pernell A. Saunders, on February 24, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Pernell A. Saunders, Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

Maura D. McLaughlin

# EXHIBIT A

orm No. 380

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, ss                    SUPERIOR COURT

Commonwealth vs. RICHARD HARRISON, AKA LAWRENCE DIXON

PERNELL SAUNDERS, AKA

No. 90-315

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES | Charge |
|---|---|---|---|
| | 1990, Feb.7 | | Ind—4pp<br>Robbery armed |
| 2. | 1990, Feb.13 | Indictment. | C 265 S17 |
| | | Request for Writ of Habeas Corpus and Habeas Corpus to receive issued to the Superintendent, M.C.I., Norfolk. | Atty. for Deft<br>Stanley Norkunas |
| 3. | 1990, Mar.5 | Assignment of Counsel. (Barton,J.) | 3/5/90 |
| | | Defendant is arraigned and pleads not guilty. | 226 Central St.<br>Lowell, Ma. |
| | | Defendant is ordered to recognize in the sum of One Million with surety or $100,000 cash, without prejudice. | 7/20/95 George Murphy Esq<br>149 Cambridge St.<br>Camb. Mass. 02141 |
| | | Mittimus issued not recognizing. | 617-876-6780 |
| | | Continued until March 27, 1990 at 2:00 P.M. for conference. | |
| 4. | 1990, Mar.5 | Habeas Corpus returned with service. | |
| 5. | 1990, Mar.27 | Pre-Trial Conference Report, filed in Court. | see 396-7-8 |
| | | Continued until April 25, 1990 at 2:00 P.M. for NEM by agreement. | |
| 6. | 1990, Apr.25 | Continued until May 2, 1990 for NEM by agreement. | Daniel Beck, Esq. 4-13-98<br>52 Western Ave.<br>Cambridge, MA 02139 |
| | 1990, May 2 | Continued until May 7, 1990 for NEM by agreement. | |
| | 1990, May 7 | Continued until May 15, 1990 for NEM by agreement. | |
| 6. | 1990, May 15 | Defendant's Motion for Funds to Hire Investigator, filed in Court and Allowed. By the Court, Barton, J. | Adrienne Lynch A.D.A |
| 7. | 1990, May 15 | Defendant's Motion for Disclosure of Identification Procedure, filed in | |

No. 381

*Docap 196c*

# Commonwealth vs.

Pernell Saunders, AKA

No. ____ 90-395

DOCKET ENTRIES—Continued

| No. of Paper | DATE OF ENTRY | |
|---|---|---|
| 16. | 1990,Oct.10 | Defendant's Motion to Propound Questions to Prospective Jurors. In Court's discretion all Denied, except racial questions which will be asked individually. (Barton, J.) |
| 17. | 1990,Oct.10 | Defendant's Motion In Limine Re: Identification. Allowed. By the Court, Barton, J. |
| 18. | 1990,Oct.12 | Defendant's Motion for Required Finding of Not Guilty at the close of the Commonwealth's case, filed in Court at the close of the Commonwealth case and Denied at this time. By the Court, Barton, J. |
| 19. | 1990,Oct.15 | Defendant's Request for Jury Instructions, filed in Court. |
| 20. | 1990,Oct.15 | Defendant's Motion for Required Finding of Not Guilty at the close of all the Evidence. Denied. By the Court, Barton, J. |
| | 1990,Oct.15 | After Charge and before Deliberation Jurors #1-7 Susan Jarvis and #5-3 Charles Davis were withdrawn from panel under Chapter 234A, Section 44, |
| | | Verdict Slip. |
| | | Verdict— Guilty of offense of Unarmed Robbery. Ch.265 S19. |
| | | Commonwealth moves for sentence. |
| | | Sentence— M.C.I. Cedar Junction for a term not exceeding Forty Years, or less than Thirty Years. This sentence is to take effect forthwith not withstanding any sentence now being served. This sentence is deemed by the Court to have commenced on———, the defendant having been in confinement ——— days. Mitts issued. By the Court, Barton, J. |
| 21. | 1990,Oct.16 | |

No. 0c- 2015

## Commonwealth vs.                    Pernell Saunders

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES—Continued |
|---|---|---|
| 25 | 1991 may 6, | Ordered That The Judgments imposing Said Sentences Stand And That Said Appeal Be And IS hdreby Dismissed<br><br>By The Appellate Division<br><br>Sitting At Norfolk Superior<br><br>Court   S/ Robert Stone |
| 26. | 1992,Feb. 6 | Two sets, five volumes in each set of the transcript of evidence delivered to the office of the Clerk of Courts this day-Trial-October 10, 11, 12, 15 & 16, 1990. |
| 27. | 1992,Feb. 6 | Notice of Assembly of Record: Two certified copies of docket entries. Two sets of the transcript of Evidence and a List of Exhibits sent to the Clerk of the Appeals Court this day. |
| | 1992,Feb. 6 | Notice of assembly of record sent to Thomas Reilly, District Attorney and Stanley Norkunas, Esq. |
| 28 | 1992,Aug.31 | Notice from Appeal Court, Dismissing appeal under standing order 17A, filed |
| 29 | 1995 Jul. 20 | Notice - Assignment of Counsel. |
| 30 | 1996,Sept 17 | Defendant's motion to Revise and Revoke, filed in court |
| | 1996,Sept 27 | after hearing motion #30 Denied |
| 31 | 1997, May 29 | Defendant's Motion For Reconsideration On Motion To Revoke And Revise, Filed In Court |
| | 1997, May 30 | Motion # 31 Denied Without A Hearing (Robert A. Barton, Justice) |
| | 1998, Apr. 13 | Notice-Of Appearance Filed By Attorney Daniel Beck. |

n No. 381

# Commonwealth vs. Pernell Saunders aka R

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES—Con |
|---|---|---|
| 39. | 2001, May 14 | Defendant's Notice of Appeal to certain opinions, rulings, directions and judgments of the Court. (Copy sent to Judge Hamlin and ADA Sahakian) |
| 40. | 2001, May 21 | Notice of Assembly of the Record, two certified copies of docket entries, Notice of Appeal, Defendant's Motion for New Trial with Memorandum of Law, Commonwealth's Memorandum of Law in Opposition to the Defendant's Motion for a New Trial and Judge's Memorandum of Decision and Order on Defendant's Motion for a New Trial sent to the Clerk of the Appeals Court this day. |
| 41. | 2001, May 21 | Notice of Assembly of Record sent to Martha Coakley, District Attorney and Attorney Neyman. |
|  | 2001, May 22 | Appeals Court Notice of Entry: In accordance with Mass. Rule of Appellate Procedure 10(a)(3), please note that the above-referenced case was entered in this court on 5/22/01 (2001-P-0694) |
| 42. | 2002, June 13 | ORDER AND NOTICE FROM THE APPEALS COURT. IT IS HEREBY ORDERED THAT THE MIDDLESEX SUPERIOR COURT CLERK''S Office transmit two original exhibits docket # 90-395-398) to the Clerk's Office of the Appeals Court forthwith. The two exhibits to be transmited are Exhibits Number 4 and 5 (photographs) By the Court, Lena Wong, Assistant Clerk (To be delivered by Courier 6/24/02) |
| 43 | 2003, Jan. 31 | Order denying motion for new trial affirmed. |

**Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this

17 of February 2004
Assistant Clerk

orm No. 380

Ridge 1940

## Commonwealth vs.    PERNELL SAUNDERS, AKA

No.  90-395

| No. of Page | DATE OF ENTRY | DOCKET ENTRIES | Charge |
|---|---|---|---|
| | 1990, Feb. 7 | Indictment. | Ind—App<br>Robbery ar med<br>C 265 S17 |
| | 1990, Mar. 5 | Assignment of Counsel. (Barton,J.) (see #3 case #90-395)<br>Defendant is arraigned and pleads not guilty.<br>Continued until March 27, 1990 for conference. | Atty for Deft<br>Stanley Norkunas<br>226 Central St.<br>Lowell, Ma. |
| | 1990, Mar. 27 | Pre-Trial Conference Report, filed in Court. (see #5 case #90-395)<br>Continued until April 25, 1990 for NEM. | |
| | 1990, Apr. 25 | Continued until May 2, 1990 for NEM. | |
| | 1990, May 2 | Continued until May 7, 1990 for NEM. | |
| | 1990, May 7 | Continued until May 15, 1990 for NEM. | |
| | 1990, May 15 | Continued until June 5, 1990 for ATD. | |
| | 1990, May 15 | Defendant's Motion for Funds. (see #6 case #90-395) Allowed. By the<br>Court, Barton, J. | |
| | 1990, May 15 | Defendant's Motion for Disclosure of Identification Procedure, filed<br>Court. (see #7 case #90-395) | |
| | 1990, May 15 | Defendant's Motion for Discovery, filed in Court. (see #8 case #90-395) | |
| | 1990, Jun. 5 | Continued until June 26, 1990 for ATD. | |
| | 1990, Jun. 26 | Commonwealth's Answer for Disclosure of Identification Procedure.<br>(see #9 case #90-395) | Adrienne Lynch A.D.A |

No. 381

Prop 1996

No. ___ 90-396

# Commonwealth vs.

Pernell Saunders, AKA

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES—Continued |
|---|---|---|
| 2. | 1990,Oct.16 | Verdict Slip. |
| | | Verdict- Guilty of offense of Unarmed Robbery Ch.265 S19. |
| | | Commonwealth moves for sentence. |
| | | Sentence- M.C.I., Cedar Junction for a term not exceeding Forty Years, or less than Thirty Years. |
| | | This sentence to be served concurrently with the sentence imposed this day in #90-395. |
| | | This sentence is deemed by the Court ot have commenced on ----, the defendant having been in |
| | | confinement---days.  Mitts issued . By the Court, Barton, J. |
| | 1990,Oct.16 | Defendant has been notified by Clerk in open Court of his right to appeal sentence this day |
| | | imposed to the "Appellate Division of the Superior Court" for a review of sentence as provided |
| | | by G.L. Chapter 278, Sec.28A,B, C. (Barton, J.) |
| | | Defendant notified in open Court of his right to appeal to the Appeals Court. |
| | | Attested copy of indictment mailed to M.C.I., Cedar Junction. |
| | 1990,Oct.19 | Appeal from Sentence to M.C.I., Cedar Junction. (see #22 case #90-395) |
| | 1990,Oct.25 | Defendant's Notice of Appeal. (see #24 case #90-395) |
| | 1990,Oct.29 | Court Reporter, Patricia A. Miller notified to prepare one copy of the transcript of evidence. |
| | | (Trial- October 10, 1990 to October 16, 1990) |
| 3. | 1990,Oct.29 | Mittimus to M.C.I., Cedar Junction returned with **service.** |

n No. 381

No. _____ 90-396

# Commonwealth vs.

Pernell Saunders    aka

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES—Continued |
|---|---|---|
| | 2001.Feb.1 | Memorandum to Justice Hamlin regarding Order of Assignment. |
| | 2001.Mar.23 | Notice of Appearance of ADA Peter A. D'Angelo |
| | 2001.Apr.26 | Commonwealth's Memorandum of Law in Opposition to Deft's Motion for a New Trial. (see P#37 case 90-395) |
| | 2001.May 3 | Motion (see P#34 case 90-395) Denied. See Court's Memorandum of Decision and Order filed this day... |
| | 2001.May 3 | Memorandum of Decision and Order on Defendant's Motion for a New Trial. ORDER: Denied (Hamlin,J.) (see #38 case 90-395) |
| | 2001.May 14 | Defendant's Notice of Appeal (see P#39 case 90-395) |
| | 2001.May 21 | Notice of Assembly of the Record (see P#40 case 90-395) |
| | 2001.May 22 | Appeal Court Notice of Entry: (see #41 case #90-395) |

ss.

**Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this _____ of _____ February 2004

_____
of _____ February 2004

Form No. 380

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, SS.        SUPERIOR COURT

Drop 1990

No. 90-397

# Commonwealth vs.  PERNELL SAUNDERS, AKA

Ind—App
Robbery armed.

C 265 S17

Atty. for Deft.
Stanley Norkunas
226 Central St.
Lowell, Ma.

Adrienne Lynch A.D.A

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES | Charge |
|---|---|---|---|
| 1 | 1990,Feb.7 | Indictment. | |
| | 1990,Mar.5 | Assignment of Counsel. (Barton,J.) (see #3 case #90-395) | |
| | | Defendant is arraigned and pleads not guilty. | |
| | 1990,Mar.27 | Continued until March 27, 1990 for conference. | |
| | | Pre-Trial Conference Report, filed in Court. (see #5 case #90-395) | |
| | 1990,Apr.25 | Continued until April 25, 1990 for NEM. | |
| | 1990,May 2 | Continued until May 2, 1990 for NEM. | |
| | 1990,May 7 | Continued until May 7, 1990 for NEM. | |
| | 1990,May 15 | Continued until May 15, 1990 for NEM. | |
| | 1990,May 15 | **Continued until June 5, 1990 for ATD.** | |
| | 1990,May 15 | **Defendant's Motion for Funds. (see #6 case #90-395) Allowed. By the Court, Barton, J.** | |
| | 1990,May 15 | **Defendant's Motion for Disclosure of Identification Procedure, filed in Court. (see #7 case #90-395)** | |
| | 1990,May 15 | **Defendant's Motion for Discovery, filed in Court. (see #8 case #90-395)** | |
| | 1990,Jun.5 | **Continued until June 26, 1990 for ATD.** | |

n No. 381

No. _____ 90-397

Commonwealth vs.                                                                    Pernell Saunders, AKA

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES—Continued |
|---|---|---|
| | 1990,Oct.15 | After Charge and before Deliberation Jurors #1-7 Susan Jarvis and #5-3 Charles Davis were |
| | | withdrawn from panel under Chapter 234A, Sec.44. |
| 2. | 1990,Oct.16 | Verdict Slip. |
| | | Verdict- Guilty of offense of Unarmed Robbery. Chapter 265, Sec.19. |
| | | Commonwealth moves for sentence. |
| | | Sentence- M.C.I., Cedar Junction for a term of Life. |
| | | This sentence is deemed by the Court to have commenced on----, the defendant having been in |
| | | confinement---days. Mitts issued. By the Court, Barton, J. |
| | 1990,Oct.16 | Defendant has been notified by Clerk in open Court of his right to appeal sentence this day |
| | | imposed to the "Appellate Division of the Superior Court" for a review of sentence as provided |
| | | by G.L. Chapter 278, Sec.28A,B.C. (Barton, J.) |
| | | Defendant has been notified in open Court of his right to appeal to the Appeals Court. |
| | | Attested copy of indictment mailed to M.C.I., Cedar Junction. |
| | 1990,Oct.19 | Appeal from Sentence to M.C.I., Cedar Junction. (see #22 case #90-395) |
| | 1990,Oct.25 | Defendant's Notice of Appeal. (see #24 case #90-395) |
| | 1990,Oct.29 | Court Reporter, Patricia A. Miller notified to prepare one copy of the transcript of evidence. |
| | | (Trial- October 10, 1990 to October 16, 1990.) |
| 3. | 1990,Oct.29 | Mittimus to M.C.I., Cedar Junction returned with service. |

No. 381

No. 90-397

Commonwealth vs.

Pernell Saunders    AKA

| No. of Paper / DATE OF ENTRY | DOCKET ENTRIES—Continued |
|---|---|
| 2001,Feb.1 | Memorandum to Justice Hamlin regarding Order of Assignment. |
| 2001,Mar.23 | Notice of Appearance of ADA Peter A. D'Angelo. |
| 2001,Apr.26 | Commonwealth's Memorandum of Law in Opposition to Deft's Motion for a New Trial. (see #37 case 90-395) |
| 2001,May 3 | Motion (see #34 case 90-395) Denied. See Court's Memorandum of Decision and Order filed this day. |
| 2001,May 3 | Memorandum of Decision and Order on Defendant's Motion for a New Trial. ORDER: Denied. (Hamlin,J.) (see P#38 case 90-395) |
| 2001,May 14 | Defendant's Notice of Appeal. (see #39 case 90-395) |
| 2001,May 21 | Notice of Assembly of the Record. (see #40 case 90-395) |
| 2001,May 22 | Appeal Court Notice of Entry: (see #41 case #90-395) |

Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

ss.

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this ____ of ____

____ of ____
Assistant Clerk

rm No. 380

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, ss.                          SUPERIOR COURT

# Commonwealth vs.    PERNELL SAUNDERS, AKA

No. ___ 90-318

No. of Paper: 1

| DATE OF ENTRY | DOCKET ENTRIES | | |
|---|---|---|---|
| | | | Ind—App |
| 1990, Feb.7 | Indictment. | | Robb. armed |
| | | | C 265 S17 |
| 1990, Mar.5 | Assignment of Counsel.(Barton,J.) (see #3 case #90-395) | | |
| | | | Atty for Deft |
| | Defendant is arraigned and pleads not guilty. | | Stanley Norkunas |
| | | | 226 Central St. |
| | Continued until March 27, 1990 for conference. | | Lowell, Ma. |
| 1990, Mar.27 | Pre-Trial Conference Report, filed in Court. (see #5 case #90-395) | | |
| 1990, Apr.25 | Continued until April 25, 1990 for NEM. | | |
| 1990, May 2 | Continued until May 2, 1990 for NEM. | | |
| 1990, May 7 | Continued until May 7, 1990 for NEM. | | |
| 1990, May 15 | Continued until May 15, 1990 for NEM. | | |
| 1990, May 15 | Continued until June 5, 1990 for ATD. | | |
| 1990, May 15 | Defendant's Motion for Funds. (see #6 case #90-395) Allowed. By the Court, Barton, J. | | see 395-6-7 |
| 1990, May 15 | Defendant's Motion for Disclosure of Identification Procedure, filed Court. (see #7 case #90-395) | | |
| 1990, May 15 | Defendant's Motion for Discovery, filed in Court. (see #8 case #90-395) | | |
| 1990, Jun.5 | Continued until June 26, 1990 for ATD. | | Adrienne Lynch A.D.A |

No. 381

# Commonwealth vs.

Pernell Saunders, AKA

No.____ 90-398

Quap 1990

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES—Continued |
|---|---|---|
| 2. | 1990,Oct.15 | After Charge and before Deliberation Jurors #1-7 Susan Jarvis and #5-3 Charles Davis were withdrawn from panel under Chapter 234A, Sec.44. |
| | 1990,Oct.16 | Verdict Slip. |
| | | Verdict- Guilty of offense of Unarmed Robbery Ch.265 S19. |
| | | Commonwealth moves for sentence. |
| | | Sentence-M.C.I., Cedar Junction for Life. |
| | | This sentence to be served concurrently with the sentence imposed this day in #90-395. |
| | | This sentence is deemed by the Court to have commenced on---, the defendant having been in confinement---days. Mitts issued. By the Court, Barton, J. |
| | 1990,Oct.16 | Defendant has been notified by Clerk in open Court of his right to appeal sentence this day imposed to the "Appellate Division of the Superior Court" for a review of sentence as provided by G.L. Chapter 278, Sec.28A,B,C. (Barton, J.) |
| | | Defendant notified in open Court of his right to appeal to the Appeals Court. |
| | | Attested copy of indictment mailed to M.C.I., Cedar Junction. |
| | 1990,Oct.19 | Appeal from Sentence to M.C.I., Cedar Junction. (see #22 case #90-395) |
| | 1990,Oct.25 | Defendant's Notice of Appeal. (see #24 case #90-395) |
| | 1990,Oct.29 | Court Reporter, Patricia A. Miller notified to prepare one copy of the transcript of evidence. (Trial- October 10, 1990 to October 16, 1990.) |

n No. 381

No.____ 90-398

Commonwealth vs.

Pernell Saunders    AKA

| No. of Paper | DATE OF ENTRY | DOCKET ENTRIES—Continued |
|---|---|---|
| | 2001,Feb.1 | Order of Assignment (see #36 case 90-395) |
| | 2001,Feb.1 | Memorandum to Justice Hamlin regarding Order of Assignment. |
| | 2001,Mar.23 | Notice of Appearance of ADA Peter A. D'Angelo. |
| | 2001,Apr.26 | Commonwealth's Memorandum of Law in Opposition to Deft's Motion for a New Trial. |
| | | (see #37 case 90-395) |
| | 2001,May 3 | Motion (see #34 case 90-395) Denied. See Court's Memorandum of Decision and Order filed this day. |
| | 2001,May 3 | Memorandum of Decision and Order on Defendant's Motion for a New Trial. ORDER: Denied. (Hamlin,J.) |
| | | (see #38 case 90-395) |
| | 2001,May 14 | Defendant's Notice of Appeal. (see #39 case 90-395) |
| | 2001,May 21 | Notice of Assembly of the Record. (see #40 case 90-395) |
| | 2001,May 22 | Appeal Court Notice of Entry: (see #41 case #90-395) |

ss.

Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this ___17___ of ___February___ 20___

___ of ___ Feb___ ___
___ D. D. ___