UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

C.A. No. 04-10110-PBS

---

PERNELL A. SAUNDERS,

Petitioner,

v.

EDWARD FICCO,
et al.,

Respondents

---

BRIEF AND RECORD APPENDIX FOR
PETITIONER/DEFENDANT

---

Mr . Pernell A. Saunders W-49218
P.O. Box 8000 S.B.C.C.
Shirley, Mass. 01464

## TABLE OF AUTHORITIES

CASES:

Baylor v. Maryland
773 U.S. 83 (1963)                                    10

Burgett v. Texas
389 U.S. 109 (1967)                                   2

Comm. v. Saferian
366 Mass. 89 (1974)                                   6

Comm. v, Thornly I.
400 Mass. 355 (1987)                                  3

Hill v. Lockhart
474 U.S. 52 (1985)                                    8

McMann v. Richardson
397 U.S. 759 (1970)                                   8

Neil v. Biggers
409 U.S. 188                                          2

Simmons v. United States
390 U.S. 377 (1968)                                   3

U.S. v. Bagley
772 F2d 482 (1985)                                    2

U.S. v. Frappier
615 F. Supp. 51 (1985)                                2

U.S. v. Lane
474 U.S. 438                                          14

U.S. v. Natanel
938 F. 2d 302 (1st cir. 1991)                         5

Washington v. Strickland
466 U.S. 668                                          2,6,10

Other Authorities:

(1) United States Constitution, Sixth Amendment

(2) United States Constitution, Fourteenth Amendment

(3) Massachussetts Decliration of Rights, article 12

(4) Wall, Eyewitness Identification In Criminal Cases, 26

(5) Title 28 U.S.C. Section 2254

TABLE OF CONTENTS

TABLE OF AUTHORITIES:

CASES:

other authorities:

JURISDICTIONAL STATEMENT:

ISSUES PRESENTED:

STATEMENT OF CASE:

STATEMENT OF FACTS:


CLAIMS/ARGUMENT:

(1) THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE
OF COUNSEL WHERE HIS TRIAL COUNSEL FAILED TO MOVE TO SPPRESS AN
EXTREMELY SUGGESTIVE PHOTOGRAPHIC ARRAY IN WHICH THE PETITIONERS
PHOTO STOOD OUT GLARINGLY FROM ALL OTHER PHOTOS IN THE ARRAY.
(2) THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE
OF COUNSEL WHEN COUNCIL FAILED TO FILE FOR SEVERENCE OF INDICT-
MENTS FOR FOUR SEPERATE ROBBERIES THAT TOOK PLACE ON FOUR COMP-
LETELY DIFFERENT DAYS,TIMES AND SETS OF VICTIMS GIVING VARIOUS
DESCRIPTIONS OF THE ASSAILANT.


conclusion

SUMMARY OF ARGUEMENT

The petitioner,Pernell A. Saunders,was denied effective

assistance of counsel when his trial counsel failed to,

(1) Failed to move for suppression of an extremely suggestive

photo array from which the petitioners photogragh was chosen

(2) Trial counsel also failed to sever the indictments for

four seperate robberies that took place on four different days,

times and sets of victims and there were several different

descriptions of the perpatrator(s) for the crimes.

The petitioners attorney exhibited seriously deficient assistance

of counsel on behalf of the petitioner and his inattention and

unreasonable actions prejudiced the petitioner.  ↓

There was not anything reasonable about counsels failure to

not file for suppression of a photo array that he knows and has

stated was overly suggestive. Especially in the circumstances

of this case and with a photo array that the petitioner stands

so far out from the other (10) photogsaghs of all very dark

skinned black males and the petitioner is a very light skin

black male.

The victim/witnesses were looking for a light skinned black male

or a light skin hispanic male and the petitioner was the only

one in that photo array that could possibly fit that description,

plus his photo was so over exposed that it glared at you.

His failure to move for a suppression hearing on this photo

array in this identification case in which there were other

people  chosen by the witnesses/victims before they saw the array

is unexucusable and unreasonable and resulted in helping the

commonwealths case and prejudiced the petitioner at trial.
Trial cousels failure to move for severence of the indictments
for the four different robberies occuring on four different
days,times,places with different descriptions given of the assai-
lant(s),different victims/witnesses resulted in them being tried
together and the identification testimony of the different crimes
pejudiced the petitioner.

Trial counsels conduct,inactions so undermined the proper funct-
ion of the adversarial process,which begins at arraignment that
the trial can not be relied upon as having produced a just result.
And the courts in the Commonwealth of Mass. were in error not to
reverse the conviction and order a new trial.

It is vital that this honorable court be informed that the petit-
ioners counsel was so deficient at his representation of the pet-
itioner that he failed to file the timely notice of appeal on
behalf of the petitioner which resulted in the petitioner losing
his right to appeal and misled the petitioner about the status
of his appeal for more than two years. A legal agency finally in-
tervened and fought so that the petitioners right to appeal was
reinstated and the appeal was filed on behalf of the petitioner.
The petitioners trial counsel was seriously reprimanded for his
inaction which effected petitioners right to due process. On app-
eal the Commonwealth also delayed resulting in the petitioner
having to file his Federal Habeas Corpus under stricter standards
due to the enactment of the Anti Terrorist Act.

## JURISDICTIONAL STATEMENT

Title 28 U.S.C. section 2254 governs habeas petitions by
state prisoners clallenging thier state court conviction.
A district court may not grant a petition challenging a
state conviction or sentence on the basis of a claim that
was reviewed on the merits in state court unless the state
courts adjudication of the claim: (1) resulted in a decision
that contrary to,or involved an unreasonable application of
clearly established federal law,or determined by the supreme
court of the United States; or (2) resulted in a decision
that was based on an unreasonable determination of the facts
in light of the evidence presented in the state court procedings.

On January 22,2003, Afinal order from S.J.C. of the Comm. of
Mass. was entered denying the petitioner/defendants appeal
in state court.
On January 14,2004 the petitioner/defendant filed his
petition for Habeas Corpus in the Federal Court.

ISSUES PRESENTED

1 Whether petitioner was denied effective assistance
of counsel where his trial attorney failed to move to
suppress an extremely suggestive photographic array in
which the petitioners photograph was substantially
lighter than all other ten photos in the array.

2 Whether the petitioner was deprived of his right to
effective assistance of counsel where his trial attorney
failed to move to sever four seperate and distinct robbery
indictments involving 1) crimes commited on different days,
2) different victims and 3) varying descriptions of the
perpetrator.

Argument/First Claim

I The PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE
OF COUNSEL WHERE HIS TRIAL ATTORNEY FAILED TO MOVE TO SUPPRESS
AN EXTREMELY SUGGESTIVE PHOTOGRAPHIC ARRAY IN WHICH THE PETITI-
ONERS PHOTO STOOD OUT GLARINGLY OVER ALL OF THE OTHER PHOTOS IN
THE ARRAY.

On or about Nov. 6th or 7th Detective Corizzini put together a

photo array consisting of (11) eleven photographs [Tr.III : 165]

He showed this array to each of the victims and each of them

identified the petitioner as the perpetrator of each of the

rbberies (Tr. III : 165-172) (There were four different robbiri-

es).

The petitioners photo in this array stood out "glaringly",

it appears as if it was"white washed" or "sanded", also every one

of the other photos in the array of very dark skin black males

which made the petitioners photo stand out that much more where

he was the only light skin colored black male in the array and

the victims/witnesses stated that the assailant was either a

light skin black male or a light skin hispanic male. There were

absolutely no hisanic males in the array.

No motion to suppress that identification procedure was filed or

argued by the petitioners trial attorney.

The included copy of the photo array in this brief speaks volumes

and supports the petitioners claim.

(1)

Suggestive  pretrial procedures may be so impermissibly

suggestive as to taint subsequent in-court identification

and thereby deny a defendant due process of law,United States v.
Bagley,772 F.2d 482,492 (9th cir.1985) The likelihood of mis-

identification is what may violate a defendants due process

rights,see Neil v. Biggers,409 U.S. 188, 198,93 S. Ct. 375 (1972)

The petitioners trial counsels failure to move for suppression

and to challenge this extremely suggestive photo array was de-
ficient on his part and unreasonable.

The right to counsel is granted by the sixth amendment to the

United States Constitution and is applicible to the states by

way of the Fourteenth Amendment, see Bugett v. Texas,389 U.S.

109 (1967)

The right has been interpreted by the courts to entitle criminal

defendants to recieve assistance which is reasonably competent

in light of both "prevailing professional norms and circumstances

of the particular case. "(Emphasis added) U.S. v. Frappier, 615

F. Supp. 51 (1985).

The court established the legal principle that governs claims of

ineffective assistance of counsel in Strickland v. Washington,466

U.S. 668, 104 S. Ct. 2052 (1984) "An ineffective assistance claim

has two componets; (1) a petitioner must show that counsels per-

formance was deficient,(2) that the deficiency prejudiced the

defence,"Id, at 687,104 S. Ct. 2052

(2)

The court has decided to articulate specific guidelines for
appropriate attorney conduct and instead has emphasized that
proper measures of an attorneys performance remain simply
reasonbleness under prevailing professional norms.
The petitioners case was one of identification (mistaken iden-
tification) his entire defence was dependant upon his attorneys
cross examination, the defendant did not call any witnesses at
trial.
Counsels strategy for defending the petitioner was bared upon
misidentification in each of the four robbiries.
Yet at no time did petitioners trial counsel move to suppress
the identification made through the suggestive photo array...
an array in which the petitioner was the only light complexinal
black male in the array of ten, ten other men that was all very
dark skin complexioned. The array was absent of any light skin
hispanic males when of a light skin hispanic male descriptions
were given to Det. Corrizini of the assailant. Also the petitio-
ner was the only one in the array who even remotely resembled a
hispanic male of a light skinned complexion.
Despite all of the above,counsel never moved for suppression of
this impermissively suggestive photo array.
Photographic identification procedures are constitutionally inv-
alid if the procedure was so impermissibly suggestive or gives
rise to a very substancial liklihood of irepareble misidentifi-
cation"..Simmons v. United States,390 U.S. 377,384(1968)

Com v. Thornly I, 400 Mass. 355 (1987)

(3)

The compasitition of a photo array has often been the source
of mistaken identity and can be concidered  impermissibly
suggestive by thier make up as well as how they were presented.
In the petitioners case in which the victims and witnesses
stated the perpetrator was a light skinned black male or a light
skinned hispanic in the various robbiries and "prior to viewing
the petitioners over exposed and sigle light skinned indivigual
photo victims and witnesses had picked others from photos as the
assailant but was told by Det. Corrizini that those men did not
commit the crimes"...
In these types of circumstances that were present in the petiti-
oners case,there existed an obvious chance of mistaken identity
and impermissible suggestive identification procedures and the
petitioners trial counsel had a duty to challenge the procedures
and move to protect his client from the resulting prejudice at
trial.
A defendant is entitled to his attorney putting the states case
to test and fight it at all stages. In misidentification cases
what cousel does at pretrial in vital,counsels failure to fight
for suppression of suggestive identification can not be treated
lightly or ignored especialy when the first action of any attor-
ney in an identification case is to seek to have the identific-
ation suppressed...
The vagaries of eyewitness identification,are very well known,the
annals of criminal law are ripe with instances of mistaken ident-
itification

(4)

" A major factor contributing to the high incidence of miscarr-
iage of justice from mistaken identification has been the degree
of suggestion inherent in the manner in which the police presents
the suspect or a photo of the suspect to the witnesses for pre-
trial identification."

" The influence of improper suggestion upon identification by
witnesses probably accounts for miscarriage of justice more than
any other single factor..." Wall, Eyewitness Identification In
Criminal Cases, 26.

The petitioners counsel was aware that the petitioners photo was
only chosen after they had already picked out others as the robb-
er and then at a later time the same police officer showed the
witnesses the suggestive photo array which consisted of 10 very
dark complexioned black males and the one photo of the petitioner
whom is very light skinned complexioned and the photo of petitio-
ner is very bright and quite over exposed and stood out from all
the rest of the photos conciderably.

The acts and omissions of petitioners trial counsel deprived the
petitioner/defendant of his right to effective assistance of cou-
nsel.

The constitution does not guarentee a defendant a letter perfect
- defence or a successful defence; rather, the performance stand-
ard in that of a reasonable effective counsel under the circumst-
ances." United States v. Natanel. 938 F.2d 302,309-310 (1st cir.
1991)

To establish a claim of ineffective assistance of counsel one mu-

st show that his attorney exibited serious incompetency,
inefficiency or inattention of counsel...behavior of counsel
falling measurebly below that which might be expected from an
ordenary fallible lawyer,that has likely deprived the defendant
of an other wise viable,substantial ground of defence... Com v.
Saferian 366 Mass. 89 (1974) Strickland V. Washington 466 U.S.
668. 104 S. Ct. 205 (1984)

The petitioners trial counsels failure to challenge the overly
suggestive photo array and procedure was unreasonable... Conci-
dering the circumstances of the petitioners case. Trial consel
exibited serious incompetancy, insefficiancy and inattention; his
actions fell measurebly belowthat which might be expected from an
ordinary fallible lawyer... The witnesses descriptions of the ro-
bber(s) were not uniform;they described him as having a small bu-
ild,some said a stocky build,his height ranges from 5'3 to 5'10
tall depending on the witness (Tr.II:81-83) (Tr.II:192). He is
described as having wavy hair (Tr.III:106) very short hair (Tr.
II:50) and curly hair (Tr. II: 165),different descriptions from
different robbiries.

There were composite(drawings)of the robber thatdid not even res-
emble each other as one witness testified (Tr.II 162) one witness
stated that the composite did notresemble the suspect (Tr.II:
116-117 Some witnesses assisted another witness to make changes
to a sketch/composite drawing.

There were three seperate composites offered at trial (Tr:III:162
) The facts above satisfy the petitioners burden of proving by a
preponderance of the evidence the identification was so impermi-

(6)

ssibly or unreasonably suggestive and conducive to irreparable misidentification or to deprive the defendant his due process rights...

Th totality of the facts/circumstances of the petitioners case demanded that his attorney file,move for suppression of the identification procedure; furthermore the circumstances and facts strongly indicate that the petitioner would have prevailed with the suppression of the identification in accordance with federal and state law.

It is very important to note that the motions judge argued that the photo of the defendant/petitioner was "over exposed".
Yet trial counsel never moved for suppression... Also Judge Hamlins stateement that "there is no indication that the police made improper suggestion" misses the point of the fact that the suggestive photo array put together by the police and presented to the victims/witnesses does all the speaking needed... it speaks very loudly to the victims/witnesses by drawing to the one light skinned black male who's photo is "over exposed" in an array of 10 very dark skinned black males.

This underscored trial cousels duty to have a suppression hearing where this issue can be given the proper attention and delved into...trial cousels fleeting reference to the process while cross-examining Det. Corazzini and his and his comments on the procedure during his summation does not excuse his duty to challenge the I.D. procedure at a suppression hearing, what it does do is highlight his ineffectiveness at not moving for suppression and the prejudice to the defendant

(7)

Concider the facts and circumstances of the case, the petitioners
trial counsels actions were unreasonable and therefor did not
fall "within the range of competence demanded of attorneys in cr-
iminal cases", see Hill v. Lockhart U.S. 52,106 S. Ct. 366 (1985)
McMann v. Richardson, 397 U.S. 759,90 S.Ct.1441 (1970)
Also the ptitioner/defendant was prejudiced by couselsconduct...
his failure to move for suppression of the out of court identifi-
cation procedures hindered his case at trial, there was a "reason-
able probability"that all things concidered that some,maybe all,
out of court identification of the defendant via the suggestive
photo array would have been suppressed,excluded. Furthermore the
commonwealth could only introduce any subsequent identifications
if it could establish by clear and convincing evidence that the
subsequent identifications were bared on an independant source.
Taking into account the circumstances of this case the identifi-
cation would have been excluded. The recrd indicates the absence
of any indipendant sources. The commonwealth never once disclaim-
ed the prbability that the in court identification were the pro-
duct of the suggestive photo array. The commonwealth never quest-
ioned any witnesses whether they were making the in court identi-
fication due to having seen the photo of the petitioner/defendant
in the photo array.
Because of trial counsels failure to move for suppression hearing
in which he would have been able to delve into the identification
procedure and have the identification suppressed, the petitioner
was prejudiced because that failure hindered and limeted trial

(8)

counsels defence at trial for ptitioner whom did not have witnesses to call on his behalf and relyed on trial cousel performance.

The ommisions of trial counsel deprived petitioner of his right to due process rights guarenteed pursuant to the 14th Amendment to the United States Constitution as well as article 12 of the Massachussetts Decliration of Rights.

Wherefor the ptitioner has been denied effective assistance of counsel and has proved claim in accordance with standard set forth in Strickland v. Washington,Supra., in that counsels actions were unreasonable,deficient,incompetant and there is a " reasonable probability" that the deficient assistance of cousel affected the outcome of the trial,therfor the petitioner was prejudiced.

(9)

Claim II/ Argument:


THE PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE
OF COUSEL WHEN COUNSEL FAILED TO FILE FOR SEVERENCE OF IND-
ICTMENTS FOR FOUR SEPERATE ROBBERIES OCCURING ON FOUR DIFF-
ERENT DAYS,VARIOUS TIMES AND VICTIMS GIVING VARIOS DESCRIP-
TIONS OF THE ASSAILANT.


In support of this argument the petitioner relies upon the

sixth and fourteenth Amendments to the United States Constitu-

tion,Art,12 of the Massachussetts Decliration of Rights and

Stickland v. Washington,466 U.S. 668,104S. Ct. 2052 (1984)

The petitioners trial counsel rendered ineffective assistance

of cousel for his failure to move for severence of trial, to fig-

ht joinder of trials for four completely different robberies.

If the petitioner can show that he was denied effective assistan-

ce of cousel under Strickland v. Washington,Supra., healso will

show that the state court decision was contrary to clearly esta-

blished federal law as determined by the United States Supreme

Court, see Bayor v. Maryland,373 U.S. 83 S. Ct. 1194 (1963)

The benchmark for judging any claim of ineffectiveness must be

whether counsels conduct so undermined the proper functioning of

the adversarial process that the trial can not be relied upon as

having produced a just result."

Before the jury was impaneled the trial judge,sua sponte, raised

the issue of possible severence of the trials and trial counsel

during the dialogue conveyed it was a part of trial strategy not

to seek severence.

Reagardless of representation of "strategy" the failure to move

to move to sever the indictments highlights and satifies the fir-

st part of the two part standard enunciated in Strickland v.

Washington,Supra. An attorneys tactical decision amounts  to

ineffective assistance of counsel if,when it was made it was

manfestly unreasonable.

Due to the following,the petitioners trial counsels actions was

unreasonable and incompetant and the prejudice that resulted

from  the joint trial prevented the petitioner from obtaining

a fair trial,which satisfies the second part.

In the petitioners case there were four robberies and all four

that took place on different days,times,places and victims were

tried together. The descriptions supplied by the victims/witne-

sses of the robber(s) were clearly different.

(1) The victim/witness from the first robbery,Jaqueline Vigneault
testified to a description (Tr.II:81-83) (Tr.II:91-92), that ano-

ther witness present at the robbery,Anna Rosario gave a desripti-

on of (Tr.II:113)

(2) Johanna Kelsey, A.Taocoyeanes,Kelly Joyce from the second ro-

bbery all gave desciptions (Tr.III:17) (Tr.III:51,53) (Tr.III:10-

6)

(3) From the third robbery Torina Cataldo gave another descripti-

on of the robber (Tr.II:165) (Tr.192) see also  (Tr.II 205,207,

221

(4) And from the fourth robbery Sharon Orr testified as to the

description of the assailant (Tr.III: 77)

In all of these testimonies of descriptions of therobber they

were different and sometimes the victim/witness stated that thay

had retracted from descriptions they had given to the police

right after the robberies and in at least one case the witness
admitted to picking someone else from photos and being told
the person was six feet tall decided that was not him.
Joinder of trial is often allowed if the affences constitute a
single line of conduct,grow out of essentially one transaction
, and would be proved by sustantially the same evidence.
Where those criteria are not satisfied and the defendant may be
prejudiced by the comulative evidence of the second affences,
severence is required.
The question of severence must be decided in the context of the
guarentee of a fair trial for every defendant, and this requires
a determination of a case by case basis.
If trying the cases jointly will make the prejudice to the defen-
dant substatial then severence must be granted.
In light of the above it is only reasonable for trial counsel to
put the Commonwealths case for joinder to the test and move for
severence,however trial counsel never moved for severence.
The spill over from one case to the next in jointly tried cases
was severe. Of course there are times when evidence from one case
can be offered in another case being tried,however there are rul
es and hearings that must be observed before this occures.
The petitioner did not have this benefit because his trial couns-
el did not put the Commonwealths case to test on the severence
issue... there was not a fight for severence,so everything was
heard and tried together automatically. This would not have occ-
ured if severence had been filed for,fought for and granted.
By failing to sever the indictments/trials the jury did not ha-
ve to make this a case by case analysis and the D.A. did not

have to fight,prosecute this case by case.

On a robbery by robbery basis the strategy of trial counsel would be sound,but not on a trial of 4 robbery cases joined together.

Joinder of the affences had no ascertainable tactical value for the defence because it had seven witnesses make in court identifications of the petitioner/defendant of the robberies and then Det. Corrazini corroborated thier testimony on the I.D.s and robberies, so the jury heard all of this together and it certainly prejudiced the jury. Contrary to judge Hamlins findings on the petitioners motion for a new trial the robberies in this case do not"demonstrate a single line of conduct". Nor do they grow ou t of essentially one transaction. The robberies were not proved by substatially the evidence. Each robbery was proved by the testimony of witnesses/victims who gave grossly different  descriptions of the assailant.

The only constant simularity amoung these crimes was the method of investigations. The victims would meet with Det. Corrazini to assist with a composite sketch and at a later date meet with him again and select the petitioners photo from the suggestive photo array.

Because counsel never moved for  a severence of the indictments a lot was not brought forth and scrutinyzed so that a decision could be made independantly about having the trials severed because of the prejudice that the petitioner/defendant would suffer at trial.

The ommissions of trial counsel deprived the petitioner of his right to a fair trial under the sixth Amendment of the U.S.C.

By moving for joinder it would have allowed the judge to clearly
see that undue prejudice would result from joinder of the indic-
tments... The probative value was clearly outweighed by the un-
correctable prejudice that occured at trial of the joined affenc-
es.

"Improper joinder does not,in itself violate the constitution.
Rather,misjoinder...rises to the leval of a constitutional vio-
lation only if it results in prejudice so great as to deny a
defendant his right to a fair trial." U.S. v. Lane 474 U.S. 438
The petitioners trial attorney failed to make an effort to limet
the the prejudice to his client by failing to file the proper mo-
tions to sever the indictments.

Trial counsel spoke sparingly about joinder but his failure to
move for severence of indictments limeted the petitioner an opp-
ortunity to receive a fair trial... an act that fell measurebly
below that which might be expected of an ordinary fallible law-
yer and resulted in the petitioner being prjudiced.

(14)

Conclusion


Due to ineffective assistance of counsel on the

issues singularly or collectively as set forth in

this petition,the petitioner, Pernell A. Saunders,

respectfully request that this honorable court reverse

his conviction as justice dictates.




Pernell A, Saunders
                Pro Se
P.O. Box 8000
S.B.C.C.
Sirley, Mass. 01464



(15)