UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**PERNELL A. SAUNDERS,**
    **Petitioner**

V.                       Civil Action No. 04-10110-PBS

**EDWARD FICCO,**
    **Respondent**

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION AS TIME-BARRED

### STATEMENT OF THE CASE AND UNDERLYING FACTS

The respondent has moved to dismiss the petition as being time-barred under 28 U.S.C. § 2244(d) as contained in The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1)(A).

The respondent's argument is that since the petitioner's conviction in the Commonwealth of Massachusetts became final in 1990 that the petitioner was required to file a 2254 petition by April 24, 1997 (the grace period of one year after the enactment of the AEDPA.

However, the one year 2254 Statute of Limitation as set out below does is not begin to run when on the date of conviction of the petitioner but rather <u>when the petition becomes final.</u>

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1)(A), a petition for writ of *habeas corpus* must be filed within one-year of "the

date on which the [state] judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review."

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section

In this case the petitioner filed a Motion For New Trial in the State court alleging ineffective assistance of counsel which motion was denied by the trial court and then appealed by the petitioner to The Appeals Court for The Commonwealth of Massachusetts. The Appeals Court affirmed the denial of the motion on November 25, 2002. The petitioner then sought further judicial review by the Supreme Judicial Court of the Commonwealth which was denied by the Court and a "final order" was entered on January 22, 2003. This is the seminal event. On January 14, 2004, petitioner filed his federal petition for writ of *habeas corpus*. (See affidavit of petitioner)

## **ARGUMENT**

"In determining whether a particular state procedure constitutes part of the 'direct review' process for purposes of § 2244(d)(1)(A), a federal court must defer to underlying state court characterization of the procedure." Orange v. Calbone, 318 F.3d 1167, 1170 (10th Cir. 2003), citing Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002).

2

In Massachusetts, Mass. Rules of Criminal Procedure, Rule 30 (a) provides that "[w]hoever is imprisoned . . . pursuant to a criminal conviction <u>may at any time, as of right</u>, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving . . . ."  On its face the rule places no restriction on the time within which a motion to correct an illegal sentence may be brought.  The Motion for New trial filed in the Commonwealth court was therefore timely and as stated above in paragraph # 2 of the AEDPA "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

The Motion raised the issue of "ineffective assistance of counsel" during the trial. In Massachusetts the issue of ineffective counsel may be raised by a Motion for New trial or in the direct appeal.  If raised by Motion, it is considered as part of the direct appeal.   Because petitioner's motion for new trial was his first opportunity to attack the performance of his trial counsel, he could not have raised this claim on direct appeal. Therefore the Motion for New Trial constitutes, "part of the 'direct review' process for purposes of § 2244(d)(1)(A)". *See* <u>Commonwealth v. Lowe</u>, 405 Mass. 1104, 1105, 540 N.E.2d 1308 (1989) (observing that a defendant can assert, in a motion for a new trial, claims of error he could not have raised on direct appeal).

A trial judge may grant a motion for new trial only  "if it appears that justice may not have been done." Mass. R. Crim.  P. 30(b). The proper determination of a motion for a new trial in a criminal case is committed to the discretion of the judge. *See* <u>Commonwealth v. Moore</u>, 408 Mass. 117, 125 (1990); <u>Commonwealth v. Smith</u>, 381

Mass. 141, 142 (1980). The test for determining a claim of ineffective assistance of counsel is the familiar two part test from Commonwealth v. Sefarian, 366 Mass. 89, 96 (1974) whereby the defendant must establish that (1) there was a serious incompetency of trial counsel i.e., "behavior of counsel falling measurably below that of the ordinary fallible lawyer," and (2) that this incompetency "likely deprived the defendant of an otherwise available, substantial ground of defense." See Commonwealth v. Urena, 417 Mass. 692, 696(1994). Such a determination can not be made as part of the direct appeal.

Since Massachusetts has no time limit on filing a Motion for New Trial and there was not a final determination of petitioner's motion until the SJC order of January 22, 2003, the statute of limitations had tolled.

The limitation under § 2244(d)(1)(D) states that the limitation period shall run from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.§ 2244(d)(1). The only difference between the two provisions is that § 2255(4) uses the phrase "facts supporting the claim" while § 2244(d)(1)(D) uses the phrase "the factual predicate of the claim."

The Supreme Court addressed the issue of statutory tolling of § 2244(d)'s one year limitation period in Artuz v. Bennett, 531 U.S. 4 (2000), and held that, under § 2244(d)(2), an application to a state court for post-conviction relief tolls the limitations period in § 2244(d)(1), even if the application contains procedurally barred claims. And, in Duncan v. Walker, 121 S. Ct. 2120 (2001), the Court once more

4

addressed the issue of tolling of the one year limitation period in § 2244(d).  Duncan held that, while the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the limitation period for filing a § 2254 petition from AEDPA effective date, the tolling provision does not apply to the time taken by a prior application for federal *habeas corpus*.  Duncan, 121 S. Ct. at 2129.

The Court noted that the one year limitation period in § 2244(d)(1) expressed Congressional interest in finality of state court judgments because it "reduces the potential for delay on the road to finality."  Id. at 2128.  The Court also observed that while the tolling provision in § 2244(d)(2) potentially lengthens the road to finality, it "limits the harm to the interest in finality by according tolling effect only to 'properly filed application[s] for State post-conviction or other collateral review.'"  Id.

Justices Souter and Stevens concurred in the result in *Duncan* and noted that they thought there was nothing to bar a district court from retaining jurisdiction of a §2254 petition from a state prisoner while state remedies were exhausted.  Id. at 2129 (Souter, J., concurring); id. at 2129-30 (Stevens, J., concurring).  This is their view, although in a pre-AEDPA decision, Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court directed district courts to dismiss, not stay, petitions under § 2254 while the state remedies were being exhausted.  Therefore in this case, if petitioner had brought a § 2254 petition on ineffective counsel grounds, he would have been directed back to the State court to file and have a determination made of a Rule 30 motion for new trial.

Justices Souter and Stevens also discussed the possibility of equitable tolling in their concurrences.  Justice Stevens stated that because "federal *habeas corpus* has

evolved as the product of both judicial doctrine and statutory law," AEDPA does not "preclude a federal court from deeming the limitations period tolled . . . as a matter of equity." Id. at 2130. The possibility of equitably tolling the statute of limitations contained in § 2244 (d)(1) has been discussed in many cases. For example in Neverson v. Bissonnette, 261 F.3d 120, 127 (1st Cir. 2001), the Court remanded a § 2254 petition for consideration of the possibility of equitable tolling, without expressing a view as to whether the doctrine was available. In Delaney v. Matesanz, 264 F.3d 7, 14-15 (1st Cir. 2001), the Court stated that even if equitable tolling were available on that §2254 petition, the defendant there did not qualify. See also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (equitable tolling of § 2244(d)'s limitation is only available in extraordinary circumstances), cert. denied, No. 01-17, 2001 WL 82597 (U.S. Oct. 1, 2001); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (*per curiam*) (equitable tolling applies to the one year statute of limitations in § 2244(d) "only in . . . rare and exceptional circumstance[s]".

## **CONCLUSION**

It is clear that the jurisprudence under § 2254, suggests a strong concern for finality, possibly leavened in instances of clear injustice by narrow safety valves of either equitable tolling or a stay of a premature federal petition. This case represents the type of case that is not time barred either by the wording of the AEDPA because the motion for new trial "... constitutes part of the 'direct review' process or because the statute tolled."

6

                                                <u>*/s/ Roger Witkin*</u>
                                                ROGER WITKIN
                                                6 Beacon Street, Suite 1010
                                                Boston, MA 02108
                                                Tel. 617 523 0027
                                                Fax 617 523 2024
                                                BBO No. 531780

DATED:  May 2, 2005

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**PERNELL A. SAUNDERS,**
    **Petitioner**

**V.**                    **Civil Action No. 04-10110-PBS**

**EDWARD FICCO,**
    **Respondent**

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the within document was served upon the attorney of record for each party and a courtesy copy to the Clerk of Court, Thomas Quinn for Honorable Judith G. Dein by mail, which was e-filed this day.

                      _/s/ Roger Witkin_
                      Roger Witkin
                      6 Beacon Street, Suite 1010
                      Boston, MA 02108
                      Tel. 617 523 0027
                      Fax 617 523 2024
                      BBO No. 531780

DATE: May 2, 2005