UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
PERNELL A. SAUNDERS,        )
                            )
           Petitioner,      )
                            )
     v.                     )   CIVIL ACTION NO.
                            )   04-10110-PBS
EDWARD FICCO,               )
                            )
           Respondent.      )
_____)
```

**MEMORANDUM AND ORDER**

February 15, 2006

Saris, U.S.D.J.

## I.  INTRODUCTION

Petitioner Pernell A. Saunders has filed a habeas petition which the government seeks to dismiss as time-barred pursuant to the one-year limitation period enacted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), 28 U.S.C. § 2244(d).  The motion to dismiss is **ALLOWED**.

## II.  BACKGROUND

Saunders was convicted by a jury on four counts of unarmed robbery on October 16, 1990.  He filed a timely notice of appeal on October 25, 1990 which was dismissed by the Massachusetts Court of Appeals on August 31, 1992.  Commonwealth v. Saunders, No. 01-P-694, 2002 WL 3165079, at *1 (Mass. App. Ct. Nov. 25, 2002).  On September 17, 1996, petitioner filed a motion to

revise and revoke, pursuant to Mass. R. Crim. P. 29, which was denied by the trial judge after a hearing on September 27, 1996. On May 29, 1997, the attorney filed a motion to reconsider the motion to revise and revoke which was denied without a hearing on May 30, 1997.

On December 4, 2000, petitioner filed a motion for a new trial, pursuant to Mass. R. Crim. P. 30, which was denied on May 3, 2001. Petitioner then filed a timely notice of appeal, which was denied by the Massachusetts Appeals Court on November 25, 2002 in an unpublished opinion. Petitioner's subsequent application for further appellate review by the Massachusetts Supreme Judicial Court was denied on January 22, 2003. Commonwealth v. Saunders, 438 Mass. 1108, 782 N.E.2d 1084 (2003).

Saunders then filed this § 2254 petition on January 11, 2004.

### III.  DISCUSSION

The AEDPA provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review

28 U.S.C. § 2244(d)(1) (1996). State habeas petitioners whose convictions were finalized prior to April 24, 1996, are afforded a one-year grace period beginning on April 24, 1996 and ending on

2

April 24, 1997.  Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999); see also Duncan v. Walker, 533 U.S. 167, 183 n. 1 (2001) (Stevens, J., concurring) (collecting cases to like effect from other circuits).  AEDPA also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2) (1996).  Thus, if a prisoner has pending collateral attacks in state court, the one-year grace period is tolled until the pending motions are closed.  See Currie v. Matesanz, 281 F.3d 261, 266 (1st Cir. 2002).  This tolling period includes the "gap" between the trial court's initial disposition and the prisoner's timely filing of a petition for review at the next level.  Id.

Since the Petitioner's conviction became final before the passage of the AEDPA, he is afforded a one-year grace period from the date of passage, April 24, 1996.  See 28 U.S.C. § 2244(d)(1) (1996).  Petitioner filed a Rule 29 motion to revise and revoke on September 17, 1996, which was denied on September 27, 1996.[1]

---

[1] Rule 29 provides, in pertinent part:

(a)Revision or Revocation. The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence, within sixty days after receipt by th e trial court of a rescript issued upon affirmance of the judgment or dismissal of the appeal, or within sixty days after entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment

His motion to reconsideration was denied on May 30, 1997.[2] One court has held that a motion to revise and revoke does not toll the one-year grace period because these motions are not requests for state post-conviction collateral review. Bland v. Hall, 2002 WL 989532 at *2 (D. Mass. May 14, 2002) (aff'd on other grounds, 62 Fed. Appx. 361 (1st Cir. 2003)). Even if a Rule 29 motion were held to toll the statute of limitations, the tolling period would at most be from September 17, 1996 to May 30, 1997. Thus, the petition was time-barred by about the end of the year.

The more interesting question is whether a Rule 30 motion revives the statute of limitations. Petitioner filed a motion for a new trial pursuant to Rule 30 on December 4, 2000 which was denied on January 22, 2003. Under state law, there is no time limit for filing a Rule 30 motion, which allows relief for persons who are imprisoned or restrained in violation of state or federal law. Mass. R. Crim. P. 30[3]; In Re McCastle, 401 Mass.

---

of conviction, may, upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done.

Mass. R. Crim. P. 29. Accordingly, it is apparent that a Rule 29 motion to revise or revoke a sentence is not a direct challenge to the conviction, but rather a challenge to the length of the sentence imposed upon the defendant. See Bland v. Hall, 2002 WL 989532 at *2 (D. Mass. May 14, 2002); see also In re McCastle, 401 Mass. 105, 106, 514 N.E.2d 1307, 1308 (1987).

[2] The motions were not filed as part of the record before this Court.

[3] This motion was also not filed as part of the record before this Court.

105, 106, 514 N.E.2d 1307, 1308 (1987) (holding that Rule 30 "is the exclusive vehicle for postconviction relief.") (quoting Leaster v. Commonwealth, 385 Mass. 547, 549, 432 N.E.2d 708, 709 (1982)). Without much discussion, the First Circuit has held that a Rule 30 motion does not restart the one-year clock. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (affirming district court dismissal of a habeas petition as time-barred, on the grounds that petitioner did not file his Rule 30 Motion for a New Trial until after the expiration of the one-year grace period); cf. Dunker v. Bissonette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (Stearns, J.) (holding that "the tolling provision [of § 2244(d)(2)] does not give the petitioner the ability to revive an expired grace period by the simple expedient of filing a fifth motion for a new trial"). Other circuits have taken a similar approach. See generally Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (proper calculation of § 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not restart the date from which the one-year statute of limitations begins to run; this interpretation has been "uniformly followed in other circuits"). Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). Accordingly, because Saunders did not file his Rule 30 Motion for a New Trial until well after the one-year grace period expired on

April 24, 1997, his petition is time-barred.

## **ORDER**

The Motion to Dismiss petition as time-barred is **ALLOWED** (Docket No. 9).

S/PATTI B. SARIS
United States District Judge