UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PERNELL A. SAUNDERS,

    Petitioner

V.

EDWARD FICCO,

    Respondent

Civil Action No. 04-10110-PBS

## Memorandum in Support of Motion to Reconsider Denial Of Petition for Writ of Habeas Corpus as Timed-Barred

In a memorandum and order dated February 15, 2006, this court denied the petitioner's petition for writ of habeas corpus as being timed-barred. This court found "because [petitioner] did not file his rule 30 Motion for New Trial until well after the one-year grace period expired on April 24, 1997, his petition is time-barred." [Memorandum and Order at 5-6]

1

For the reasons set forth below, the petitioner requests that this court reconsider the denial of his petition and grant him a hearing on the merits of his claims.

### The petitioner is entitled to equitable tolling of the limitations period because of the extraordinary circumstances of his case.

After conviction in October 1990, the petitioner's attorney filed a timely notice of appeal. No brief was ever filed and on October 31, 1992, the appeal was dismissed pursuant to Standing Order 17A. During the time after dismissal of his appeal for failure to prosecute, the petitioner was diligently pursuing assistance in getting his appeal reinstated. The petitioner at all relevant times during the state court proceedings was indigent and therefore at the mercy of the Committee For Public Counsel Services (CPCS) for representation. As early as 1991 before the appeal was dismissed the petitioner wrote to the clerk of the Massachusetts Appeals Court complaining that his appellate counsel would not respond to his letters or calls and requested that new counsel be appointed to handle his appeal. The appeals court clerk responded on 12-12-91 that "[n]o appeal pending in the Appeals Court. Mr. Saunders should direct his inquiry to Middlesex Superior Court Clerk's Office." (see attached). The petitioner thereafter made numerous requests to CPCS for the appointment of counsel to get his appeal reinstated. The petitioner was not successful in getting counsel appointed by CPCS until 1996. On September 17 1996, appointed

2

counsel filed a motion to revise and revoke, which was denied by the trial judge after a hearing. The one-year grace period had yet to run out, in fact, the one-year grace period would not have expired until April 24, 1997. Because of counsel's filing of a frivolous revise and revoke motion instead of a motion to reinstate appeal or motion for new trial for counsel's failing to perfect the appeal as petitioner requested, the one-year grace period expired. Because of counsel's missteps, the one-year grace period was not tolled when it easily could have been. The petitioner left with no other choice at this point, filed a pro se motion to reinstate appeal, motion for appointment of counsel and affidavit in support on August 18, 1997. On August 25, 1997, the motions were denied by the Appeals Court without prejudice to renewal on certain conditions. On September 9, 1997, the petitioner, pro se, sent a letter to the Appeals Court with attachments seeking further reinstatement relief which was denied on September 17, 1997. On October 8, 1997, the petitioner, pro se, filed a motion to reconsider denial of motion to reinstate appeal. On October 14, 1997, the Appeals Court entered an order staying consideration pending receipt of a CPCS screening evaluation. CPCS appointed a fourth attorney and nearly twenty-two months after the fourth attorney was assigned, and more than ten years after the original judgment, the fourth attorney filed a motion for new trial on December 4, 2000, asserting ineffective assistance of counsel because counsel failed to perfect an appeal by failing to file a timely direct appeal of petitioner's conviction. Other claims were

3

also raised that are not relevant to the issue at hand. The motion was denied on May 3, 2001. The petitioner appealed the denial of his motion for new trial. On November 25, 2002, the Appeals Court pursuant to Rule 1:28 issued a Memorandum and Order affirming the denial of motion for new trial. Further appellate review by the Massachusetts Supreme Judicial Court was denied on January 22, 2003. Commonwealth v. Saunders, 438 Mass. 1108, 782 N.E.2d 1084 (2003).

The petitioner asserted in his new trial motion that he was denied effective assistance of counsel where his trial attorney failed to file a timely appeal. The petitioner argued in his memorandum in support of motion that at no time did he waive his right to appeal. The petitioner relied upon Commonwealth v. Cowie, 404 Mass. 119, (1989), and Commonwealth v. Frank, 425 Mass. 182 (1997), as support for his assertion that he currently was entitled to appellate review on all issues. The Appeals Court agreed with the motion judge that any claim of ineffective assistance of counsel was irrelevant because, in the context of the denial of the petitioner's motion for new trial, he would be able to obtain effective appellate review. The Appeals Court ruled that ..."[t]he judge was correct. The issues that the defendant claims to have lost in his direct appeal were considered by the motion judge, and her adverse decisions on those complaints are the subject of this appeal. Having so concluded, we need not address the defendant's Frank argument."

4

(Appeals Court Memorandum and Order at 4). In effect, the Appeals Court treated the petitioner's appeal of his motion for new trial as his direct appeal. Because the Appeals Court treated the petitioner's appeal of his motion for new trial as the direct appeal, the petitioner is entitled to equitable tolling of the statutory limitations period. Fahy v. Horn, 240 F.3d 239, 244-245 (3rd Cir. 2001) (equitable tolling applied because petitioner diligently and reasonably asserted his claims). See also, U.S. v. Wynn, 292 F.3d 226 (5th Cir. 2002)(attorney's deception may warrant application of equitable tolling). Contrast, Brown v. Shannon, 322 F.3d 768, 773-774 (3rd Cir. 2003)(equitable tolling denied because attorney forthright about not filing appeal and prisoner could have proceeded pro se).

The extraordinary circumstances of this case would justify the application of equitable tolling. Lattimore v. DuBois, 311 F.3d 46, 54-56 (1st Cir. 2002).

In sum, with the application of equitable tolling the petitioner's state court remedies were not exhausted until his application for further appellate review was denied by the Supreme Judicial Court on January 22, 2003. The one-year statute of limitations would not have expired until January 22, 2004. The petitioner's §2254 petition was filed January 11, 2004, eleven days before the expiration period. Under the circumstances the petition

5

for writ of habeas corpus was timely filed.

The petitioner requests that this court reconsider the denial of his petition and grant him a hearing on the merits.

Respectfully submitted,

Pernell A. Saunders,
By his attorney,


ROGER WITKIN
6 Beacon Street, Suite 1010
Boston, Ma. 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780


DATED: February 27, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PERNELL A. SAUNDERS,
        Petitioner

V.                              Civil Action No. 04-10110-PBS

EDWARD FICCO,
        Respondent

### CERTIFICATE OF SERVICE

I hereby certify that on this day true copy of the within document was served upon the attorney of record for each party by mail, which was e-filed this day.

_____
ROGER WITKIN
6 Beacon Street, Suite 1010
Boston, Ma. 02108
Tel. 617 523 0027
Fax 617 523 2024
BBO No. 531780

DATED: February 27, 2006

7

To: Clerk's Office
Mass Appeals Court
Tembertor Sq
Boston Mass 02108.

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT
DEC 11 1991

Commonwealth
VS
Pernell Saunders

I am writing to request that new council be appointed to handle my appeal. Stanly W. Norkunas Esq represented me at trial and is now handling my appeal as far as I know. I feel that I did not receive effective representation at my trial, and I want to raise this issue in appeal. Further I feel that Stanly Norkunas is not representing me effectively in my appeal. I don't even know if he filed the trial appeal.

Please help me. I don't know much about the law or help is desparately needed. I would also like to know if the transcripts from my trial were filed and may I please have a copy.

Please respond.

Sincerly
Pernell Saunders

Please note.

> Appeals Court
> No appeal pending in the Appeals Court. Mr. Saunders should direct his inquiry to Middlesex Superior Court Clerk's Office.
> By the Court
> 12/12/91
> Attest: Ashley Ahearn
> Asst. Clerk

I Pernell Saunders was sentenced at Cambridge Surperior Court by Justice Robert Barton on October sixteenth Nineteen Ninety. A Jury trial.

Paul Y Norkunas Esq failed to give me my indicement numbers or any other information I asked him for. He has not written, or responded to any of my calls, or letters.

Thank you