# MANDATE

# United States Court of Appeals
## For the First Circuit

*04-10110
USDC/MA (B)
P. Saris*

---

No. 06-2774

PARNELL A. SAUNDERS,

Petitioner, Appellant,

v.

EDWARD FICCO, SUPERINTENDENT, S.B.C.C.,

Respondent, Appellee.

---

Before

Boudin, <u>Chief Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

---

JUDGMENT

Entered: August 23, 2007

    Petitioner, Pernell Saunders, requests a certificate of appealability ("COA") from the order of the United States District Court for the District of Massachusetts denying the habeas petition that he filed pursuant to 28 U.S.C. § 2254. However, petitioner fails to establish that his petition is timely.

    In his supplemental brief in support of his application, he relies on the principle of equitable tolling. To be sure, we have allowed for equitable tolling in the habeas context for "rare and extraordinary cases." <u>Trapp</u> v. <u>Spencer</u>, 479 F.3d 53, 59 (1st Cir. 2007). Here, however, petitioner presents us with a run-of-the-mill example of attorney negligence and, therefore, does not meet the standard. See <u>Irwin</u> v. <u>Dep't of Veterans' Affairs</u>, 498 U.S. 89, 96 (1990); <u>Cordle</u> v. <u>Guarino</u>, 428 F.3d 46, 48 (1st Cir. 2005). We note that petitioner obliquely suggests that his counsel during the limitations period ignored his request to file a motion for a new trial, a move which might have stopped the limitations clock. Petitioner did not sufficiently develop the point below, however,

nor does he here.

Accordingly, we **DENY** petitioner's application and **TERMINATE** the appeal. Furthermore, we **DENY** petitioner's motion for appointment of counsel as moot.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
LYNNE ALIX MORRISON
Appeals Attorney.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*Jennifer Colauto*
Deputy Clerk
Date: 9/13/07

[cc: Roger Witkin, Esq., Maura D. McLaughlin, AAG]